CORA LITRELL, Appellant, v. SAMUEL KLEIN, Respondent.— In an action to recover damages for false imprisonment and assault, the plaintiff appeals from a judgment dismissing her complaint at the close of her case for failure of proof. The allegation in the complaint was that the tortious acts were committed by two employees of defendant, the proprietor of a store for the sale of ladies' apparel. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. There was proof sufficient to make out a *prima facie* case of false imprisonment and assault. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

ANTONIO LUCIAN, Respondent, v. ABRAM L. MEYERS, Appellant.— Judgment in action to recover damages resulting from the constructive eviction of the plaintiff by the defendant from real property leased to the plaintiff by the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

EMMA MASTROCOLA and CHARLES MASTROCOLA, Appellants, v. HOWARD ORTON WOOD, CLIFFORD B. MARSHALL, Individually and as Copartners under the Firm Name and Style of WOOD & MARSHALL, WOOD-HORN REALTY CORP., and Others, Respondents.—Action by the plaintiffs in their capacity as clients of the individual defendants for damages because of alleged fraud, actual or constructive, as a consequence of certain dealings in reference to several parcels of real estate and incumbrances thereon. Order granting motion of the defendants for judgment on the pleadings and judgment entered pursuant thereto reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Considering the complaint solely as a pleading and without regard to the merits of the defenses interposed, the first four causes of action therein stated are sufficient, although the fifth and sixth causes of action are insufficient in law. There are allegations in the first four causes of action which are irrelevant and have no proper place therein. The pleading is poorly drawn, but contains enough substance to withstand an assertion that it fails to state a cause or causes of action, at least so far as the first four set out are concerned. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

HARRY MILLER, Respondent, v. JEWEL TEA COMPANY, INC., Appellant.— In an action for property damage sustained by plaintiff when his automobile was struck by defendant's truck, while the truck was making a left-hand turn into a driveway, judgment in plaintiff's favor unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

VICTOR MOORE, Appellant, v. CITIZENS NATIONAL BANK OF FREEPORT, N. Y., Respondent.— Order resettling case on appeal affirmed, with ten dollars costs and disbursements; the original minutes of the board of directors of defendant to be produced by respondent on the argument of the appeal. No opinion. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.